# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTOPHER EDWARD PIGEON,

Petitioner,

v.

STATE OF NEVADA, et al.,

Respondents.

Case No. 3:19-cv-00663-RCJ-WGC

**ORDER**

Christopher Edward Pigeon, who is in custody at the Ely State Prison, commenced this action with an application to proceed <u>in forma pauperis</u> (ECF No. 1) and a document written on this court's form for a civil rights action pursuant to 42 U.S.C. § 1983. However, Pigeon is challenging the validity of his sentence pursuant to a judgment of conviction of a state court. The court thus construes this as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pigeon will need to correct multiple problems before this action may proceed.

**I.      Background**

After a jury trial in state district court, Pigeon was convicted of one count each of attempted open or gross lewdness, aggravated stalking, luring a child with the intent to engage in sexual conduct, attempted first-degree kidnaping, and unlawful contact with a child. Pigeon also was convicted of two counts of prohibited acts by a sex offender. The state district court

determined that Pigeon was a habitual criminal and sentenced him to life imprisonment without the possibility of parole under Nev. Rev. Stat. § 207.010(1)(b).

On direct appeal, the Nevada Supreme Court affirmed the convictions for unlawful contact with a child and one count of prohibited acts by a sex offender. The Nevada Supreme Court determined that the evidence was insufficient to sustain the verdicts for open or gross lewdness, aggravated stalking, luring a child with the intent to engage in sexual conduct, attempted first-degree kidnaping. The Nevada Supreme Court determined that the conviction of one count of prohibited acts by a sex offender was redundant. Regarding sentencing, the Nevada Supreme Court remanded for a new sentencing hearing because the district court might have ascribed more criminal intent to Pigeon than the evidence demonstrated. Pigeon v. State, No. 67083 (Nev. Dec. 1, 2017).[1]

On remand, the state district court entered special findings on May 16, 2018. The state district court determined again that a sentence of life imprisonment without the possibility of parole was appropriate. ECF No. 1-1, at 20-23.

## II. Defects that require correction

Both the application to proceed in forma pauperis and the petition have defects that Pigeon must correct before this action may proceed further.

First, the application to proceed in forma pauperis is incomplete. Pigeon did not include with his application a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Pigeon will need to file a new application accompanied by these documents.

Second, as noted above, Pigeon used the court's complaint form for an action pursuant to 42 U.S.C. § 1983. Pigeon will need to file an amended habeas corpus petition on this court's form for an action pursuant to 28 U.S.C. § 2254. Pigeon also will need to name the correct respondent, who is the warden of the Ely State Prison.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=35284 (report generated October 30, 2019). Petitioner has attached excerpts of the Nevada Supreme Court's order to his petition.

Third, in the current petition Pigeon has written notes in the margins of the pages. Some of those notes are perpendicular to the rest of the writing. Those notes are very difficult to read because, although Pigeon has mailed paper documents to the court, the electronically scanned versions of those documents are the official versions. Nobody can read perpendicular text on a computer screen. In the amended petition, Pigeon should not include marginal notes. If something is important enough for Pigeon to write it down, then it is important enough for Pigeon to write it in the body of that claim for relief.

Fourth, Pigeon's use of the United States Sentencing Guidelines is incorrect. Pigeon was convicted of state-law crimes in a state court. The United States Sentencing Guidelines apply only to federal-law crimes. The guidelines do not apply to punishments for state-law crimes. In the amended petition, Pigeon should remove all references to the United States Sentencing Guidelines.

**III. Redundant motions**

Pigeon also has filed three motions for a formal sentence evaluation hearing or a resentencing hearing (ECF No. 5, ECF No. 7, ECF No. 9). These motions are redundant to the claims in the petition. The court denies them as moot.

**IV. Conclusion**

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **DENIED** without prejudice.

IT FURTHER IS ORDERED that petitioner must file another application for leave to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court shall send petitioner a blank application form for incarcerated litigants. In the alternative, petitioner must make the necessary arrangements to pay the filing fee of five dollars ($5.00), accompanied by a copy of this order. Petitioner will have forty-five (45) days from the date that this order is entered to comply. Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that the clerk of the court shall file the petition currently in the docket at ECF No. 1-1.

IT FURTHER IS ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions.  Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established.  Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims.  Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:19-cv-00710-APG-BNW, above the word "AMENDED."

IT FURTHER IS ORDERED that petitioner's motions for a formal sentence evaluation hearing or a resentencing hearing (ECF No. 5, ECF No. 7, ECF No. 9) are **DENIED** as moot.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED this 23rd day of December, 2019.

_____
ROBERT C. JONES
United States District Judge